STATE, *ex rel.* JAMES CONNELL v. NATHAN MAYO, as State Prison Custodian, *et al.*

152 So. 174.
Opinion Filed January 18, 1934.
Petition for Rehearing Denied February 15, 1934.

R. B. *Moseley,* for Petitioner;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for Respondents.

BUFORD, J. — This is an original proceeding in habeas corpus.

Petitioner alleges that he is unlawfully held in custody of the respondents because of a void judgment rendered against him. He was convicted under indictment, the first count of which charged him, together with others, with the larceny of a certain "butt-headed yellow steer." The verdict of the jury was:

"We, the jury, find James Connell, Eddie Mosely and Charlie Connell guilty of the first count. So say we all." This verdict was sufficient.

On the verdict the court entered a judgment in the following language:

"On this day the defendants, James Connell, Eddie Mosley and Charlie Connell came into open court and, having been caused to stand up, was asked by the court whether they had anything to say why the sentence of the law and the judgment of the court should not be pronounced against them, and they answering nothing in bar or preclusion thereof, it is upon consideration the sentence of the law, and the sentence, order and judgment of the court, that you, James Connell, Eddie Mosley and Charlie Connell, and each of you, is guilty of the crime of larceny of a heifer, and that you and each of you for your said crime, of which you have been and do now stand convicted, be imprisoned

at hard labor in the State prison of the State of Florida for the full term and period of Five Years from the date of your delivery to the authorities thereof.

"Done and ordered in open court at Perry, Florida, this 9th day of October, A. D. 1931."

It will be observed that the trial judge pronounced the defendants guilty of the larceny of a heifer instead of pronouncing them guilty of the larceny of a steer. Whether or not this would be sufficient to constitute reversible error on appeal we are not required to say, but we do not think that this variance between the verdict and the judgment is of such fatal character as to make the judgment entirely void, and, therefore, subject to a successful attack on habeas corpus. The penalties for the larceny of a heifer and for the larceny of a steer are identical and are prescribed by the same statute and we cannot see that the defendant suffered any prejudice or hardship by reason of the failure of the trial judge to meticulously observe the distinction of sex in describing the bovine for the larceny of which the defendant stood convicted.

Therefore, the writ will be quashed and the petitioner remanded to the custody of the respondent to be dealt with according to law.

WHITFIELD, ELLIS and TERRELL, J. J., concur.

DAVIS, C. J., and BROWN, J., dissent.

DAVIS, C. J. (dissenting).—I think the petitioner should be remanded for a proper judgment and sentence in accordance with the record of conviction.

BROWN, J., concurs.